(7 Misc. Rep. 275.)

### REDHEAD et al. v. PARKWAY DRIVING CLUB.

(City Court of Brooklyn, General Term. February 26, 1894.)

TRUSTS—DEALINGS BY TRUSTEE FOR HIS OWN BENEFIT.

    A member of a committee of a club who undertakes to buy land for the club is not entitled to commissions on the purchase.

Appeal from trial term.

Action by Charles B. Redhead and Frank W. Suydam against the Parkway Driving Club to recover brokerage on the sale of real estate. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Hirsh & Rasquin, for appellants.

W. J. Gaynor, for respondent.

CLEMENT, C. J. The appellants are brokers in real estate in this city, and brought this action originally against James Burrill, who sold real property to the respondent, to recover $2,000 commissions on such sale. Mr. Burrill paid the money into court, and the respondent, who also claimed the money of Burrill, was interpleaded. The findings of fact are amply sustained by the evidence. It appears from such findings that on March 17, 1892, a number of gentlemen met at the Union League Club in this city to organize a driving club, and at such meeting a committee of five was appointed to procure land for the use of such club. Suydam, one of the appellants, was a member of the committee, and the members agreed among themselves that no one should receive a commission, and that everything was to be done for the benefit of the club. The plaintiff Suydam and H. D. Campbell, two of the committee, conducted negotiations with Mr. Burrill, and purchased of his wife a large tract of land, and Suydam induced Burrill to agree to pay a commission of $2,000, and did not report to the committee that he was to get a commission, but concealed it. When it was found out by the committee, Suydam said he intended to give it to the club. The judge at special term has also found that Suydam was in the exclusive service of the defendant, and that Redhead had nothing to do with the negotiations, except as he was brought in by his partner Suydam.

The conclusion arrived at by the learned judge who tried this case, that the respondent is entitled to the sum paid into court, is sound. No authority need be cited to uphold the result; the bare statement of the facts is sufficient. Mr. Suydam agreed that, if any commission was received, it should go to the club. The law would imply such an agreement, even if not expressed. Suydam stood in

a position of trust, and, if he made anything by reason of his position, the law would not allow him to retain it. Redhead knew that Suydam was a member of the committee, and Redhead and Suydam were never employed by Mr. Burrill or the committee. Redhead was simply brought into the matter by Suydam, and has no better standing in court. The claim of the plaintiffs is contrary to good morals, and cannot prevail. Judgment affirmed, with costs.